# EXHIBIT 12

# REID | COLLINS | TSAI LLP

Thanksgiving Tower
1601 Elm Street, 42nd Floor
Dallas, Texas 75201
Main: 214.420.8900
Fax: 214.420.8909
www.rctlegal.com

Eric D. Madden | Partner
Direct: 214.420.8901
emadden@rctlegal.com

April 30, 2019

***Via Email and First-Class Mail***

Arthur H. Aufses III
Kramer Levin Naftalis & Frankel LLP
1177 Avenue of the Americas
New York, NY 10036

Bradley J. Bondi
Cahill Gordon & Reindel LLP
1990 K Street, N.W., Suite 950
Washington, DC 20006

Marcos D. Jiménez
Marcos D. Jiménez, P.A.
255 Alhambra Circle, Suite 800
Coral Gables, FL 33134

Seth L. Levine
Levine Lee LLP
650 Fifth Avenue
New York, NY 10019

Samuel A. Nolen
Richards Layton & Finger, P.A.
920 North King Street
Wilmington, DE 19801

William R. Scherer, Jr.
Conrad & Scherer, LLP
633 South Federal Highway, 8th Floor
Fort Lauderdale, FL 33301

Miranda S. Schiller
Kramer Levin Naftalis & Frankel LLP
1177 Avenue of the Americas
New York, NY 10036

Kandace P. Watson
Sheppard Mullin Ritcher & Hampton LLP
12275 El Camino Real, Suite 200
San Diego, CA 92130

Re: *Peter Kravitz, as Litigation Trustee of the PNI Litigation Trust,
v. Steven M. Mariano, et al.,* C.A. No. 12953-VCL (Del. Ch.)

Dear Counsel:

As you know, our firm represents Peter Kravitz in his capacity as Litigation Trustee (the "Trustee") of the PNI Litigation Trust (the "Trust"), the successor to causes of action formerly belonging to Patriot National, Inc. and its subsidiaries (collectively, "PNI"), including the claims against PNI's former directors and officers (the "Former D&Os) in the above-referenced action. Indeed, the Trustee has intervened in the action in order to prosecute those claims.


EXHIBIT 4

PNI_Litigation_Trust_0001886

Letter to Arthur H. Aufses III, *et al.*
April 30, 2019
Page 2

---

Before filing his amended complaint and marching forward with his claims against the Former D&Os in that action, the Trustee wants to make one final settlement offer outside of mediation and any related privileges. Specifically, the Trustee makes the following unconditional offer to finally settle and fully release his claims against the Former D&Os:

- $30 million in a cash payment to the Trust and funded from the 2016 Policies and/or 2017 Policies (as defined below);

- $3 million in a reserve funded from the 2016 Policies and/or 2017 Policies to cover defenses costs and any losses related to claims by opt-out plaintiffs in the pending class actions, including the action captioned as *In re Patriot National, Inc. Securities Litigation*, No. 1:17-cv-01866 (S.D.N.Y.); and

- $4 million in a reserve funded from the 2016 Policies and/or 2017 Policies to cover defense costs and any losses related to the pending investigation and any subsequent enforcement or other action filed by the Securities and Exchange Commission related to PNI.

This offer would not affect the hedge fund actions against Steven Mariano, including the actions captioned as *Hudson Bay Master Fund Ltd. v. Patriot National, Inc.*, No. 2:16-cv-02767 (S.D.N.Y.) and *CVI Investments, Inc. v. Mariano*, No. 1:19-cv-02960 (S.D.N.Y.).

The Trustee's settlement offer is one which a reasonably prudent person would accept under the same or similar circumstances for several reasons.

First, as detailed in my letter dated December 5, 2018 (attached hereto as Exhibit A), the liability of the Former D&Os is clear. The Trustee has strong breach-of-fiduciary-duty claims against them, and traditional defenses—such as exculpation or business judgment rule—simply will not apply here. To avoid liability, the Former D&Os must prove that the underlying transactions were entirely fair—both procedurally and substantively—to PNI. The Former D&Os will never be able to meet that heavy burden, particularly given that the company received no value in most of the relevant transactions.

Second, as explained in my December 5th letter, the Trustee's claims are clearly covered by two different sets of insurance policies: (1) Policy No. 06-185-94-19 and its excess policies (collectively, the "2016 Policies"); and (2) Policy No. 06-680-86-39 and its excess policies (collectively, the "2017 Policies"). The Trustee's claims regarding misconduct by the Former D&Os in 2017 will not relate back to the prior year and, therefore, will not fall within any exclusion in the 2017 Policies.

Letter to Arthur H. Aufses III, *et al.*
April 30, 2019
Page 3

---

Third, the Trustee's claims involve more than $250 million in damages, which vastly exceeds the coverage limits of the 2016 Policies and 2017 Policies. The 2016 Policies have only $20 million in remaining coverage. And although the 2017 Policies provide an additional $70 million in coverage, the Former D&Os face liability for over $100 million in damages related to their misconduct in 2017, as noted in my December 5th letter.[1]

Fourth, even though the Trustee's damages significantly exceed the coverage limits, his current settlement offer is well within such limits. His offer is approximately 40% of the total remaining coverage limits of the 2016 Policies and 2017 Policies. In other words, the Trustee is willing to settle $250 million in claims for less than one-half of the available insurance coverage.

Fifth, if they do not accept the Trustee's settlement offer, the Former D&Os will likely exhaust the remaining insurance coverage on defense costs, leaving themselves and their personal assets exposed to the Trustee's claims. The Former D&Os, who are represented by more than a dozen different law firms, have already spent a staggering $40 million on defense costs. They have expended most of these costs, moreover, on litigation that has barely advanced beyond the pleading stages.

Sixth, the Trustee's settlement offer includes appropriate and reasonable reserves to deal with the SEC and class opt-out plaintiffs. The proposed reserves result from our discussions with several of you regarding the current status, projected outcome, and expected cost of these matters. And since our discussions, the class and opt-out plaintiffs seem to be closer to a resolution of that matter, making the proposed reserve even more reasonable.

Seventh, the Trustee's settlement offer properly excludes any resolution of the hedge fund litigation against Mariano. That litigation, of course, is being pursued by plaintiffs who have shown little or no interest in settling their claims. Mariano is the only defendant in that litigation, meaning that it should cost relatively little to defend using a small portion of the remaining insurance coverage. And if a judgment is entered against Mariano, it will probably not be covered by such insurance, as the underlying claims allege fraudulent and intentional misconduct. The insurers, therefore, should be comfortable excluding any resolution of the hedge fund litigation from the proposed settlement.

Accordingly, considering all these points, we strongly believe that the Trustee's settlement offer is one which a reasonably prudent person would accept under the same or

---

[1] In addition to the claims described in my December 5th letter, the Trustee's amended complaint includes a new claim for approximately $31 million in additional damages sustained by PNI in providing services to GIC in 2017. PNI charged GIC substantially less than it cost to provide those services. PNI, in fact, incurred about $31 million in expenses that were never even billed to GIC.

PNI_Litigation_Trust_0001888

Letter to Arthur H. Aufses III, *et al.*
April 30, 2019
Page 4

similar circumstances. This offer will expire at **5:00 p.m. Eastern time on May 13, 2019**, unless the offer is withdrawn, rejected, or countered prior to that time. We believe this provides a reasonable period in which to evaluate the offer, particularly since the parties have already engaged in multiple rounds of mediation regarding the Trustee's claims. Nonetheless, please contact me prior to that deadline if additional time is needed to consider the Trustee's offer.

We look forward to hearing from you.

Very truly yours,

Eric D. Madden

Enclosure

cc:  National Union Fire Insurance Company of Pittsburgh, Pa.
c/o David J. Kuffler
Kaufman Dolowich Voluck LLP
40 Exchange Place, 20th Floor
New York, NY 10005
dkuffler@kdvlaw.com

RSUI Indemnity Company
c/o Thomas E. Geyer
Bailey Cavalieri LLC
10 West Broad Street, Suite 2100
Columbus, OH 43215
tgeyer@baileycav.com

Argo Insurance Company
c/o E. Joseph O'Neil
Peabody & Arnold LLP
600 Atlantic Avenue
Boston, MA 02210
eoneil@peabodyarnold.com

Executive Liability Underwriters
One Constitution Plaza, 16th Floor
Hartford, CT 06103

Letter to Arthur H. Aufses III, *et al.*
April 30, 2019
Page 5

      Westchester Specialty Group
      P.O. Box 5119
      Scranton, PA 18505

      Illinois National Insurance Company
      AIG, Financial Lines Claims
      P.O. Box 25947
      Shawnee Mission, KS 66225

      RLI Insurance Company
      Attn: Claims Department
      9025 North Lindbergh Drive
      Peoria, IL 61615

      Robert A. Meyer
      JAMS – Judicial Arbitration and Mediation Services, Inc.
      1925 Century Park East, Suite 1400
      Los Angeles, CA 90067
      rmeyer@jamsadr.com

      Bruce A. Friedman
      JAMS – Judicial Arbitration and Mediation Services, Inc.
      555 West 5th Street, 32nd Floor
      Los Angeles, CA 90013
      bfriedman@jamsadr.com

PNI_Litigation_Trust_0001890