UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-21416-Civ-GAYLES/TORRES

PNI LITIGATION TRUST,

    *Plaintiff,*

v.

NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA., et al.,

    *Defendants.*

_____/

### REPORT AND RECOMMENDATION
### ON DEFENDANT'S MOTION TO TAX COSTS

This matter is before the Court following entry of final judgment in favor of Defendants, including the moving Defendant RSUI Indemnity Company ("RSUI") [D.E. 147]. After final judgment, RSUI filed the pending motion to tax costs [D.E. 151], which certified no opposition was lodged by Plaintiff to the amounts included in the bill of costs. That was confirmed by the absence of any opposition to the motion being filed on the docket within the time provided by Local Rule 7.1. The motion was thus ripe for disposition and could be granted in toto under Rule 7.1.

While that motion was pending, however, Defendant also indicated its intent to file a motion for fees and non-taxable costs, [D.E. 154], which the parties then stipulated be held in abeyance pending Plaintiff's appeal of the final judgment. [D.E.

159]. The Court granted the motion to hold the fees and non-taxable costs in abeyance. [D.E. 160]. In so doing, the Court mistakenly terminated the motion for bill of costs/taxable costs that RSUI filed (and which was not subject to the parties' stipulation). RSUI thus moved that the Court reconsider that termination Order and indicated agreement from all parties to such relief. The motion to reconsider has now been Granted and this Report and Recommendation on the reopened motion for taxable costs follows.

Based upon a review of the record as well as the originally unopposed motion, Defendant RSUI is entitled to all the taxable costs included in the motion and bill of costs under 28 U.S.C. § 1920.

The Court's review of the substantive grounds supporting the motion shows that Defendants are entitled to recover the deposition transcription costs itemized in the bill of costs, which were necessary for the defense of the case. Accordingly, such costs are taxable under section 1920. The specific costs are specifically identified in the motion with supporting documentation. The Court finds that each of these costs are compensable under section 1920 and reasonable in scope. And no objection has been made to any of the specific amounts requested for the sixteen depositions included in the motion. RSUI has thus met its burden to seek reimbursement of these costs and for the amounts requested. Under those circumstances, a strong presumption exists in favor of awarding costs. *Yellow Pages Photos, Inc. v. Ziplocal, LP,* 846 F.3d 1159, 1166 (11th Cir. 2017).

Therefore, RSUI's reopened motion should now be **GRANTED**. RSUI should recover a total of $22,365.87 in taxable costs through entry of a cost judgment in favor of RSUI, plus applicable post-judgment interest, from the date of the judgment. *See Georgia Ass'n of Retarded Citizens v. McDaniel*, 855 F.2d 794, 799 (11th Cir. 1988) ("[W]hen a district court taxes costs against a losing party, the award of costs bears interest from the date of the original judgment.").

Pursuant to Local Magistrate Rule 4(b) and Fed. R. Civ. P. 73, and given the absence of any objection to date to the costs requested in the pending motion, the parties have seven (7) days from service of this Report and Recommendation within which to file written objections, if any, with the District Judge. Failure to timely file objections shall bar the parties from *de novo* determination by the District Judge of any factual or legal issue covered in the Report *and* shall bar the parties from challenging on appeal the District Judge's Order based on any unobjected-to factual or legal conclusions included in the Report. 28 U.S.C. § 636(b)(1); 11th Cir. Rule 3-1; *see, e.g., Patton v. Rowell,* 2017 WL 443634 (11th Cir. Feb. 2, 2017); *Cooley v. Commissioner of Social Security,* 2016 WL 7321208 (11th Cir. Dec. 16, 2016).

**DONE AND SUBMITTED** in Chambers at Miami, Florida this 31st day of January, 2024.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
Chief United States Magistrate Judge